# In the United States Court of Federal Claims

No. 10-109 C

(Filed February 3, 2011)

```
* * * * * * * * * * * * * * *  *
SHAMROCK FOODS COMPANY,        *
                               *
            Plaintiff,         *
                               *
      v.                       *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
* * * * * * * * * * * * * * *  *
```

## ORDER

      On March 10, 2010, the court granted defendant's and intervenor-defendant's motions to dismiss plaintiff's bid protest, Count V of the complaint in this case. On April 26, 2010, the court granted intervenor-defendant's motion to withdraw and urged plaintiff and defendant to settle the four remaining counts of the complaint, Counts I, II, III and IV, all of which present contract claims. In August, September, November and December 2010, the parties reported to the court that settlement discussions were under way. On January 31, 2011, the parties filed a Joint Status Report stating that settlement negotiations had been terminated because these discussions had not succeeded in "bridging the legal and factual differences that separate the parties." JSR at 1.

      Plaintiff suggests that this court hold a status conference "to discuss Shamrock's claims and facilitate settlement." JSR at 2. Defendant, on the other hand, "requests 30 days in which to file its motion to dismiss plaintiff's claims." *Id.* The government maintains that "plaintiff has failed to comply with the mandatory and jurisdictional exhaustion requirements of the [Contract Disputes Act (CDA)]." *Id.* The court notes that defendant previously filed a motion to dismiss plaintiff's contract claims, a motion which was stayed by the court pending

the resolution of plaintiff's bid protest. The court later agreed to continue that stay pending settlement discussions, but noted that "[i]f the parties abandon less formal alternatives to the litigation of plaintiff's contract claims, the court will require defendant to file a renewed motion to dismiss which would provide the court with the thorough and well supported analysis necessary for the resolution of the government's challenges." Order of April 26, 2010, at 2.

In light of the failure of settlement negotiations, and in light of binding precedent limiting this court's jurisdiction over CDA claims, *see, e.g.*, *Bath Iron Works Corp. v. United States*, 20 F.3d 1567, 1578-79 & n.6 (Fed. Cir. 1994) (noting that a final decision by the contracting officer is a jurisdictional requirement for a CDA suit before this court) (citations omitted), the court must allow defendant to renew its motion to dismiss plaintiff's contract claims. That jurisdictional challenge must be resolved before the court may consider the merits of plaintiff's contract claims or otherwise engage itself in any matters concerning the remaining issues in this case.[1]

Accordingly, it is hereby **ORDERED** that:

(1) The Clerk's Office is directed to **LIFT** the current stay in this matter; and

(2) Defendant shall **FILE** its motion to dismiss on or before **March 4, 2011**, with subsequent briefing to follow in accordance with the rules of this court.

/s/Lynn J. Bush
LYNN J. BUSH
Judge

---

[1] If plaintiff does not choose to oppose defendant's jurisdictional challenge, the court would entertain a motion for voluntary dismissal filed pursuant to RCFC 41.